UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-81112-Civ-Hurley/Hopkins

R.A.M., LLC and GEORGE FORD,

        Plaintiffs,

v.

TIMOTHY HILL, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT TIMOTHY HILL'S MOTION TO ENFORCE SETTLEMENT AND FOR ENTRY OF FINAL JUDGMENT (DE 119)

**THIS CAUSE** has come before this Court upon an Order Referring Defendant Timothy Hill's Motion for Entry of Final Judgment to the undersigned United States Magistrate Judge for a Report and Recommendation.  (DE 120).[1]

### BACKGROUND

This lawsuit arose from an alleged breach of contract.  On December 13, 2007, the parties filed a stipulation of dismissal, stating that all matters between them had been "amicably resolved" pursuant to a private settlement agreement.  (DE 116).  Shortly thereafter, the District Court entered an Order of Dismissal and closed the case.  (DE 117).  On August 3, 2009, nearly two years later, Defendants filed the instant Motion for Entry of Final Judgment, alleging that

---

[1] The District Court has construed Defendant's motion as seeking to enforce the parties' settlement agreement.

Plaintiffs have breached the settlement agreement. (DE 119).[2]

On August 17, 2009, the District Court granted Plaintiffs' counsel's motion to withdraw from the case, but cautioned R.A.M., LLC that "as a corporate entity, it may not appear in litigation *pro se*" and therefore, the corporate plaintiff must retain substitute counsel and that failure to do so "may impede and/or defeat its ability to defend against the pending proceedings . . ." (DE 123). On September 1, 2009, the District Court granted R.A.M., LLC an extension of time until September 25, 2009 to retain counsel and an extension of time until October 2, 2009 for Plaintiffs to respond to Defendant's motion. (DE 124). To date, no notice of appearance has been filed on either Plaintiff's behalf. However, on September 24, 2009, Plaintiff George Ford advised the Court of his intention to proceed *pro se* and he submitted a response to the motion. (DE 128).[3] Defendant Hill filed a reply on September 25, 2009 (DE 129) and Ford filed a sur-reply on October 23, 2009 (DE 132).

The settlement agreement entered into by the parties contains five distinct "terms of settlement." (DE 126). One of the terms provides that Plaintiffs and two other non-parties (Rick Defaut and Big Daddy Mail Company, LLC) will execute a promissory note requiring them to pay $45,000.00 to Hill's attorney's trust account over a three year period. *See* Settlement Agreement at ¶ 1.1 (DE 126). The promissory note, dated November 2, 2007 (the same day as the settlement agreement), required 36 monthly installments due on the 20th of each month until paid in full. The note is deemed in default if a payment is not made on the 20th day, and remains

---

[2] Defendant Hill's motion initially included only a redacted copy of the parties' settlement agreement. Following a Court order, Defendant filed an unredacted copy. (DE 126).

[3] Ford states that he owned R.A.M., LLC until the company recently went out of business. (DE 128).

unpaid after written notice giving five days to cure the non-payment. (DE 119).

Another term of the settlement agreement requires Hill to "relinquish[] all ownership interest in R.A.M." by "execut[ing] any and all documents necessary to effectuate the transfer of his membership interest, including but not limited to any and all certificates representing his ownership." *See* Settlement Agreement at ¶ 1.6 (DE 126).[4]

The settlement agreement further provides that

> *This written Agreement and the Other Agreements together constitute the entire understanding of the parties* with respect to the disposition of the matters contained herein and all oral, tacit, or written representations, side-deals, conversations, inducements, understandings, warranties, utterances or agreements made prior to, contemporaneously with, and/or concurrently with the execution and delivery of this Agreement are *merged into this written document and are of no further force and effect*.

*See* Settlement Agreement at ¶ 6.8 (DE 126)(*emphasis added*).

The settlement agreement also states that

> In the event that further documents are required or permitted to be executed in order to effectuate the purposes of this Agreement, then each of the Parties hereby covenant and agree that they shall execute such documents *within three business days* of receipt of such request . . .

*See* Settlement Agreement at ¶ 6.17 (DE 126)(*emphasis added*).

It appears undisputed that Plaintiffs made nineteen of the thirty-six payments due under the promissory note (amounting to $23,750.00) and leaving a balance of $21,250.00. *See* Affidavit of Bruse Loyd, Esq. at ¶ 10 (DE 119). According to Defendant Hill, Plaintiffs ceased making the monthly payments due under the promissory note in June of 2009. On July 24, 2009,

---

[4] The remaining three terms of settlement are not relevant to this dispute.

Hill's attorney sent a letter to Plaintiffs advising them that they were two months behind and giving them five days to cure the non-payment or Hill would seek entry of final judgment against them. (De 119). According to Hill, the non-payment was not cured and, thus, he is entitled to the entry of final judgment in the amount of $21,250.00 plus attorney's fees and costs, as provided for in the promissory note. (DE 119).[5]

Ford counters that Hill breached the terms of the settlement agreement first and therefore, he was not required to continue making payments on the promissory note. Specifically, in a letter dated June 19, 2009, Ford's attorney advised Hill's attorney that "by failing to deliver the documents required to effectuate the transfer of his membership interests in RAM" Hill breached the agreement and that his "breach of the Agreement relieves Mr. Ford's remaining obligations under the Note."  (DE 119).

---

[5] The promissory note states that

> the Payee may, at its option, (i) declare any or all amounts owing under this Note to be due and payable, whereupon the unpaid balance hereof, shall forthwith become due and payable and (ii) may file an affidavit . . . of non-payment and shall be entitled to the entry of a final judgment in the amount of the then unpaid balance . . .
>
> The only evidence that may be presented is evidence of (i) whether an Event of Default has occurred; and (2) any act of God or war which interfered with the [] ability to make timely payment . . . If, from the evidence presented, the court determines that an Event of Default has in fact occurred (that was not excused by any act of God or war), the Payee shall be entitled to the immediate entry of a final judgment in the amount of the then unpaid balance . . .

*See* Promissory Note dated November 2, 2007 (DE 119).

In his reply, Hill contends that the issue regarding a transfer of his membership interest is "completely irrelevant to the [] default under the terms of the Promissory Note." (DE 129). Hill adds that he did not execute the Transfer of Shares document initially because he did not agree with the terms, however, he has since provided Ford with a signed document assigning his shares. (DE 129). In his sur-reply, Ford states that "[a]t this point, Mr. Hill's shares are worthless, due to the fact that R.A.M., LLC is a dissolved corporation, heading into bankruptcy." (DE 132). According to Ford, had he known that Hill would refuse to sign the Transfer of Shares document he would "never have agreed to the terms" and "would not have executed [his] end of these documents."

Both the settlement agreement and promissory note provide that the parties' dispute is governed by Florida law.

## DISCUSSION

It is well settled that "[w]hen a non-breaching party to a contract is confronted with a breach by the other party, the non-breaching party may stop performance, treating the breach as a discharge of its contractual liability." *Toyota Tsusho America, Inc. v. Crittenden*, 732 So.2d 472, 477 (Fla. Dist. Ct. App. 1999)(*citing Bradley v. Health Coalition, Inc.*, 687 So.2d 329, 333 (Fla. Dist. Ct. App. 1997). *See also In the Matter of Walter W. Thomas*, 51 B.R. 653, 656 (Bankr. M.D. Fla. 1985)("[h]aving committed the first breach, the general rule is that a material breach of the Agreement allows the non-breaching party to treat the breach as a discharge of his contract liability")(*citation omitted*).

Here, the Court cannot ignore the fact that Hill breached a material term of the settlement agreement by failing to execute the documents necessary to effectuate the transfer of his

membership interest in R.A.M., LLC within three days, as required by the agreement. This initial breach set the stage for Ford to then disregard another material term of the settlement agreement – payment on the promissory note. Hill's attempts to parse the settlement agreement by focusing solely on Plaintiffs' obligations under the promissory note and ignoring his own obligations under the settlement agreement are unconvincing. *See Toyota Tsusho America, Inc. v. Crittenden*, 732 So.2d 472, 477 (Fla. Dist. Ct. App. 1999)(once the terms of a global settlement agreement were breached, plaintiff was "entitled to treat the breach as a discharge of its contractual obligation to make payments" under another agreement included therein, which was "not an 'independent obligation,' but instead, an integral part of the parties' global settlement agreement").

"A party cannot enforce obligations under one contract without performing obligations under other, interdependent contracts." *Murphy v. Chitty*, 739 So.2d 697, 698 (Fla. Dist. Ct. App. 1999)(*citing Dauer v. Safeco Ins. Co. of Am.*, 394 So.2d 128 (Fla. Dist. Ct. App. 1980)). In determining whether contractual provisions are dependent or independent courts must look to the intent of the parties based on a reading of their entire contract. *Murphy*, 739 So.2d at 698. "Documents executed 'concurrently, in the course of one transaction concerning the same subject matter . . . must be read and construed together.'" *Id.* (*quoting Dodge City, Inc. v. Byrne*, 693 So.2d 1033, 1035 (Fla. Dist. Ct. App. 1997)).

Here, it is clear that both the promissory note and transfer of Hill's interest in R.A.M. were integral pieces of the settlement agreement and it would be unjust to excuse Hill's breach, while enforcing the promissory note's default provision against Plaintiffs. *See, e.g., Murphy*, 739 So.2d at 698-99 (court found the intent of the parties, as evidenced by the interrelated documents,

was that the agreements were "dependent upon each other" and were "part of one overall transaction even though certain provisions may have been more important to one party than to others"); *Bradley v. Health Coalition, Inc.*, 687 So.2d 329, 333 (Fla. Dist. Ct. App. 1997)("[a] party is not entitled to enjoin the breach of a contract by another, unless he himself has performed what the contract requires of him so far as possible; if he himself is in default or has given cause for nonperformance by defendant, he has no standing in equity")(*citation omitted*).

## RECOMMENDATION TO THE DISTRICT COURT

Accordingly, this Court **RECOMMENDS** that the District Court **DENY** Defendant Hill's Motion to Enforce the Settlement and for Entry of Final Judgment. (DE 119).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** this 10 day of November, 2009 at West Palm Beach in the Southern District of Florida.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel for Defendants

George Ford, *pro se* Plaintiff
RAM, LLC
3450 Park Central Blvd. North
Pompano Beach, FL 33064